IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIMMY WEATHERLY, § | | |
| TDCJ #586417, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-06-0683 |
| § | | |
| NATHANIEL L. WADE, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**ORDER TO TRANSFER**

State inmate Jimmy Weatherly, who is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively "TDCJ"), has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. For reasons outlined briefly below, the Court concludes that this case must be transferred to a more appropriate venue.

Weatherly is presently incarcerated at the Ramsey I Unit in Rosharon, Texas. Weatherly alleges that the main defendant, Sergeant Nathaniel L. Wade, used unnecessary force against him at the Ramsey I Unit on June 13, 2004, and then placed him in a holding cell without access to water or a toilet for two hours. Weatherly complains further that supervisory officials Kelvin Scott and J.P. Guyton failed to adequately review his grievance concerning the alleged use of force.

The Ramsey I Unit, where the incident occurred, is located in Brazoria County, Texas, which is not within the United States District Court for the Southern District of

Texas, Houston Division. *See* 28 U.S.C. § 124(b)(2). Brazoria County is located within the Southern District of Texas, Galveston Division. *See* 28 U.S.C. § 124(b)(1). Because the alleged civil rights violations occurred, if at all, in Brazoria County, where the plaintiff, most of the potential defendants, and the witnesses reside, the Houston District is not the proper venue for plaintiff's claims. *See Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406 (providing that a district court may dismiss a case improperly filed in the wrong district or division or, in the interest of justice, transfer the case to any district or division in which it could have been brought). A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.), *cert. denied*, 526 U.S. 1157 (1999). Because the plaintiff's claims against the defendants in this case allegedly arose in Brazoria County and have no ties to Houston, the Court concludes that these claims are more appropriately addressed in the Southern District of Texas, Galveston Division.

Accordingly, in the interest of justice and for the convenience of the parties and witnesses, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the United States District Court for the Southern District of Texas, Galveston Division, pursuant to 28 U.S.C. §§ 1391, 1404(a).

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas on **March 20, 2006.**

_____
Nancy F. Atlas
United States District Judge